UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD CAIRES,

                Plaintiff,

- against -

JP MORGAN CHASE BANK N.A.,

                Defendant.

---

**REPORT AND RECOMMENDATION**

16-CV-2694 (GBD) (RLE)

To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:

## I. INTRODUCTION

On April 12, 2016, this action was removed from the Superior Court of the State of Connecticut ("Connecticut Superior Court") to the Southern District of New York by *Pro Se* Plaintiff Richard Caires ("Caires"). (Doc. No. 1.) The Honorable George B. Daniels referred this case to the undersigned for general pretrial and dispositive motion. (Doc. No. 2.) Before this Court is Defendant JP Morgan Chase Bank's ("Chase") motion to remand this case to Connecticut Superior Court, and award reasonable attorneys' fees and costs incurred by Chase in connection with the motion.

Chase argues that the Notice of Removal is untimely and procedurally defective. (Defendant/Counterclaim Plaintiff's Memorandum of Law in Support ("Def. Mem.") at 1.) Caires does not dispute that he is attempting to remove this action more than a year after it was filed. He argues, however, that an exception to the one-year filing deadline under 28 U.S.C. § 1446 is warranted because Chase has acted in bad faith to hinder removal of its counterclaim. (Doc. No. 1 at 3.) He also argues that the case is related to an action he filed in this Court against the FDIC on April 8, 2016, three days before he filed this removal, and an action filed on

June 16, 2016. (Plaintiff's Opposition ("Pl. Opp.") at 2.) Neither case has been deemed related to this action.

For the reasons that follow, I recommend that the case be **REMANDED** to Connecticut Superior Court.

## II.   BACKGROUND

Caires filed a Complaint against Chase in Connecticut Superior Court on December 3, 2009, alleging breach of contract, fraud, and other causes of action related to a note and mortgage executed on a property in Greenwich, Connecticut. (Affirmation of Scott W. Parker ("Parker Aff."), Exs. A, B & C); (Pl. Opp. at 2-3.) On December 30, 2009, Chase removed the case from Connecticut Superior Court to the United States District Court for the District of Connecticut. (Parker Aff., Ex. D.) Chase filed a foreclosure counterclaim on October 21, 2010, declaring diversity jurisdiction. (*Id.*, Ex. E.)

The district court in Connecticut dismissed all of Caires's claims on July 24, 2012. (*Id.*, Ex. F.) On July 25, 2012, the district court issued an order to show cause why the foreclosure should not be remanded to state court. (*Id.*, Ex. D.) Caires did not respond to the order. The case was remanded to state court on September 27, 2012. (*Id.*) On January 16, 2013, Caires answered the counterclaim in state court. (*Id.*, Ex. G.) On April 11, 2016, he filed the instant Notice of Removal.

## III.   DISCUSSION

A.   **Applicable Law**

A defendant in an action pending in state court may remove the case to federal court only if the federal court has subject matter jurisdiction. *See* 28 U.S.C. § 1441(a); *Sherman v. A.J.*

*Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (citing *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (internal citation omitted). District courts have subject matter jurisdiction under 28 U.S.C. § 1331 over civil actions that arise out of federal law; or under 28 U.S.C. § 1332, based on diversity of the parties, where the amount in controversy exceeds $75,000. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Sherman*, 528 F. Supp. at 325 (citing *United Food & Commercial Workers Union, Local 929 AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co. v. House Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983))).

A defendant seeking to remove a state action to federal court must file a Notice of Removal. 28 U.S.C. § 1446(a). The notice must contain "a short and plain statement of the grounds for removal ... and be filed within 30 days after the receipt by the defendant of a copy of the initial pleading." *Chu v. Chinese-American Planning Council Home Attendant Program, Inc.*, 16-CV-3569 (KBF), 2016 WL 3753098, at *3 (S.D.N.Y. July 11, 2016) (internal citations omitted). It must also be signed pursuant to Federal Rule of Civil Procedure 11, and must have attached a copy of all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a).

"A party seeking removal "bears the burden of showing that federal jurisdiction is proper." *Montefiore Medical Center v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (citing *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004)). "Removal jurisdiction shall be strictly construed ... [and] any doubts should be resolved against removability." *Chinese-American Planning Council*, 2016 WL 3753098, at *3 (citing *Syngenta*

*Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *In re Methyl Teritary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)); *see also Pan Atlantic Group, Inc. v. Republic Ins. Co.*, 878 F. Supp. 630, 637 (S.D.N.Y. 1995) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute[s] narrowly, resolving any doubts against removability") (citing *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) (internal citations omitted)).

**B.     Caires's Removal is Defective**

Chase argues that the Notice of Removal is procedurally deficient under Rule 11 and the applicable statutes. (Def. Mem. at 5.) The Court rejects Chase's argument regarding the sufficiency of Caires's pleading. Where a party is *pro se*, the court should apply "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Rule 11 requires every pleading to be signed by at least one attorney of record, or by a party personally if the party is unrepresented. FED. R. CIV. P. 11(a). Caires is appearing *pro se*, and has signed the Notice of Removal. The removing party must also provide a copy of all process, pleadings and orders served upon him, as well as a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). Applying liberal pleading standards, the Court finds that Caires has submitted his reasons for removal. He has also attached to the notice a document explaining the foreclosure from Connecticut Superior Court, a copy of Chase's counterclaim, and other documents he deemed relevant to this action.

The request for removal, however, fails on other grounds. First, venue is not proper in this District. An action may only be removed to the district court for the district in which the

4

state action is pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). Venue is proper in a judicial district in which a substantial part of the property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(3). "[A] party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that 'embracing' the state court in which the action was brought." *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 f.3d 65, 71 (2d Cir. 1998). In this case, the foreclosure claim was remanded to Connecticut state court without objection from Caires. Furthermore, the property at issue is located in Greenwich, Connecticut. Connecticut federal court is therefore the proper venue for removal of this action.

Second, Chase's counterclaim is the only viable claim remaining in this case because the Connecticut district court has dismissed all of Caires's claims. The foreclosure counterclaim is therefore the operative pleading on which removal is based, and Caires seeks to remove the case as a counterclaim defendant. Federal jurisdiction, however, cannot rest upon a counterclaim. *See Vaden v. Discover Bank*, 566 U.S. 49, 60 (2009); *see also Property Clerk, New York City Police Dept. v. Fyfe,* 197 F. Supp. 2d 39, 41 (S.D.N.Y. 2002) ("A counterclaim is insufficient to create removal jurisdiction under the well-pleaded complaint rule") (collecting cases). Moreover, foreclosure as asserted here is a state law claim, and a state court action may only be removed to federal court if the action could originally have been filed there. *Studebaker-Worthington Leasing Corp., v. Michael Rachlin & Co., LLC,* 357 F. Supp. 2d 529, 533 (E.D.N.Y. 2004). The only federal court in which this action could originally have been filed is the Connecticut district court where venue is proper on the basis of diversity jurisdiction.

Third, the Court agrees with Chase that the Notice of Removal disregards the Connecticut district court's remand. Under the law of the case doctrine, "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." *In re PCH Associates*, 949 F.2d 585, 592 (2d Cir. 1991). While the rule is discretionary, it is designed to "avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Id* (internal citations omitted). Here, Caires did not object to the Connecticut district court's decision in 2012 to remand the claim for foreclosure to state court. This Court sees no reason to question that ruling.

Caires has not met his burden of showing that federal jurisdiction is proper. I therefore recommend that Chase's motion to remand be **GRANTED.**

**C.     Caires's Removal is Untimely**

Assuming that this Court were to exercise jurisdiction over the counterclaim and that removal were proper, it is nevertheless untimely. Chase filed its counterclaim against Caires on October 21, 2010, and asserted a basis for federal jurisdiction, namely diversity of the parties and the amount in controversy exceeding $75,000. (Parker Aff., Ex. E.) Caires's Notice of Removal should have been filed within thirty days of that date. *See* 28 U.S.C. § 1446(b). It was filed instead on April 11, 2016; well past thirty days from the filing of the counterclaim, and approximately six years after this case began. *See* 28 U.S.C. § 1446(c) ("a case may not be removed ... on the basis of jurisdiction conferred by section 1332 more than a year after commencement of the action").

Caires does not dispute the lateness of his filing. He maintains, however, that he benefits from the "bad faith" exception to the one-year deadline. To demonstrate bad faith, Caires argues

6

that the facts alleged in the counterclaim do not "reflect true events," and were intended to obstruct his defenses. (Notice of Removal at 3.) He also states that Chase "had been falsely [claiming that] it had acquired loans that were in reality" owned by other institutions. (*Id.* at 7.) According to Caires, "mere recitation of bad faith suffices" to overcome the one-year deadline. (Pl. Opp. at 12.)

A case may be removed more than a year after commencement of an action grounded in diversity if the court finds that the plaintiff acted in bad faith to prevent a defendant from removing the action. *Id.* The statute further defines bad faith as the plaintiff deliberately failing to disclose the actual amount in controversy to prevent removal. *Id* § 1446(c)(3)(B). Even if on the merits Chase has engaged in unsavory behavior, the bad faith exception under section 1446 "governs the *timing* of removal." *Enrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) (emphasis in original). Courts in this Circuit have allowed for removal past the one-year period where the plaintiff has "engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Id* (citing *Hill v. Delta Intern. Machinery Corp.*, 386 F. Supp. 2d 427, 432 (S.D.N.Y. 2005).

There has been no evidence to establish that Chase acted to prevent removal. The counterclaim was filed in 2010, and remanded to state court in 2012. Caires did not attempt to remove the action until 2016. Caires has alleged no procedural action on Chase's part that caused his delay. *See, e.g., Forth v. Diversey Corp.*, No. 13-CV-808-A, 2013 WL 6096528, at *3 (W.D.N.Y. Nov. 20, 2013) (Plaintiffs acted in bad faith by delaying the dismissal of a defendant from the action); *Manney v. Intergroove Media GMBH*, No. 13-CV-0053 (SJF) (GRB), 2013 WL 4495190, at *6 (E.D.N.Y. Aug. 19, 2013) (finding an act of "bad faith

7

gamesmanship" if plaintiffs chose to omit claims to prevent removal); *In Re Rezulin Products Liab. Litig.*, No. 00-CV-2843 (LAK), 02-CV-6827 (LAK), 2003 WL 21355201, at *2 (S.D.N.Y. June 4, 2003) (Plaintiff engaged in bad faith by dismissing the non-diverse defendant only five days after the one-year anniversary of the commencement of the action). The Court therefore finds that Caires has not established bad faith on Chase's part to overcome the untimeliness of the removal.

## D. Attorneys' Fees

"Under § 1447(c), '[a]n order remanding the case may require payment of just costs and any actual expenses, including [attorneys'] fees, incurred as a result of the removal.'" *Mintz & Gold LLP v. Daibes*, No. 15-CV-1218 (PAE), 2015 WL 2130935, at *8 (S.D.N.Y. May 6, 2015), *aff'd*, 643 F. App'x 35 (2d Cir. 2016) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Attorneys' fees and costs on remand are not awarded as a matter of course. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *First Horizon Home Loans v. Man Yi Cindy Ng*, No. 09-CV-7274 (SCR) (PED), 2010 WL 4258752, at *1 (S.D.N.Y. Apr. 12, 2010) (internal citations omitted).

The Court does not find a lack of an objectively reasonable basis for removal given Caires's *pro se* status. *See Bleiberg v. Altvater*, No. 01-CV-11507 (HB), 2002 WL 1339097, at *1 (S.D.N.Y. June 19, 2002). The Court notes Chase's assertion that Caires has attempted to remove the case to delay the foreclosure. (Def. Mem. at 3.) The foreclosure was still pending, however, in the six years prior to removal. Chase also argues that the Notice of Removal violated Rule 11 because it was served with a document signed by Caires and his counsel, but the

document pending on the Court's docket only contains Caires's signature, "acting *pro se*." (*Id.* at 7.) Chase argues that the Notice of Removal is "baseless, inappropriate, and warrants an imposition of sanctions on Caires and his attorney."

Even if Caires had an attorney prior to filing the Notice of Removal, he is appearing *pro se* before this Court. Counsel has not entered a notice of appearance or otherwise appeared on the record on his behalf. The Court cannot sanction an attorney who has not entered the case. Caires does not dispute the untimely filing, and raised assertions of Chase's bad faith for the Court to consider. The Second Circuit has not interpreted the scope of the "bad faith" exception, other than to look to any strategic behavior done by the plaintiff to prevent removal. *See Ehrenreich*, 994 F. Supp. 2d at 288. Therefore, the Court does not find that Caires lacked an objectively reasonable basis for asserting bad faith. The same is true for the jurisdictional question.

I recommend that Chase's request for attorneys' fees and costs be **DENIED.**

## IV.   CONCLUSION

For the foregoing reasons, I recommend that Chase's motion be **GRANTED in part and DENIED in part.** I recommend that the case be **REMANDED** to the Superior Court of the State of Connecticut.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, New York, NY 10007 and to the chambers of the

undersigned, 500 Pearl Street, Room 1970, New York, NY 10007. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the U.S. Court of Appeals. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**DATED: November 4, 2016**
**New York, New York**

            **Respectfully Submitted,**

            */s/ Ronald L. Ellis*

            **The Honorable Ronald L. Ellis**
            **United States Magistrate Judge**

**MAILED BY CHAMBERS**