**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RICHARD CAIRES,                            :

                    Plaintiff,       :

       -against-                       :

JP MORGAN CHASE BANK N.A.,                 :

                  Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

16 Civ. 2694 (GBD) (RLE)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Richard Caires brought this action against Defendant JPMorgan Chase

Bank, N.A. ("Chase") for breach of contract, fraud, and other causes of action related to a note and

mortgage executed on a property in Greenwich, Connecticut. On April 11, 2016, Plaintiff removed

this action from the Connecticut Superior Court. (Notice of Removal, ECF No. 1.)

The Defendant moved to remand the case to Connecticut Superior Court and award

reasonable attorneys' fees and costs incurred by Chase in connection with the motion. (ECF No.

12.) Before this Court is Magistrate Judge Ronald L. Ellis's November 4, 2016 Report and

Recommendation ("Report," (ECF No. 26)), recommending that the case be remanded to

Connecticut Superior Court but denying Defendant's request for attorneys' fees and costs.[1]

(Report, at 9.) This Court adopts those recommendations.

## I.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is
incorporated herein.

must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

   *Pro se* submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010). Thus, to the extent that a *pro se* party "makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Id.*

   Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 9-10.) On November 10, 2016, Plaintiff requested that the deadline for filing objections to the Report be extended 30 days to December 24, 2016. (ECF No. 28.) This Court granted Plaintiff's request. (ECF No. 29.) On December 27, 2016, Plaintiff filed objections to the Report. (Pl.'s Obj. to the R. & R., (ECF No. 31).)[2]   However, Plaintiff's submission does not cite or object to any particular findings in the

---

[2] The following day, Plaintiff filed a corrected set of objections (ECF No. 32) with exhibits that were inadvertently omitted from the December 27, 2016 filing.

Report. Rather, Plaintiff's submission merely argues in general terms why remand is inappropriate in this case. Accordingly, this Court will review the Report for clear error.

## II.   MOTION TO REMAND

The Report properly rejected Chase's argument that Plaintiff's Notice of Removal is procedurally deficient under the liberal pleading standards appropriate for *pro se* submissions. (Report, at 4.) Nonetheless, the Report properly determined that Plaintiff's request for removal fails on other grounds. First, the Report correctly concluded that venue is not proper in this District. (*Id.*, at 4-5.) Because Chase's foreclosure counterclaim was remanded to Connecticut state court, and because the property at issue is also located in that state, Connecticut federal court would be the proper venue for removal. However, the Connecticut state law foreclosure counterclaim, the only viable claim remaining in this case, cannot serve as the basis for removal, nor could that action have been originally filed in this Court. (*Id.*, at 5.) Additionally, Plaintiff's Notice of Removal also disregards the July 24, 2012 dismissal and the September 27, 2012 remand of the foreclosure proceeding by the U.S. District Court for the District of Connecticut. (*Id.*, at 6.)

Separately, the Report correctly found that Plaintiff's notice of removal is untimely, and that no exceptions to the deadline for removal justify the more than one year delay. (*Id.*, at 6-8.) As the Report notes, Plaintiff conceded that his notice of removal was filed late, but he argued for a "bad faith" exception to the one-year deadline in 28 U.S.C. § 1446(c). (*Id.*, at 6-7.) However, the Report correctly concluded that the exception does not apply in this case because there has been no evidence that Chase acted to prevent removal. (*Id.*, at 7.)

For all these reasons, the motion to remand here should also be granted.[3]

---

[3] The Report's recommendation that Chase's motion for attorneys' fees and costs should be denied is not clearly erroneous, particularly given Plaintiff's *pro se* status. (*Id.*, at 8-9.) Accordingly, this Court does not award attorneys' fees or costs to Defendant.

## III.    CONCLUSION

Magistrate Judge Ellis's Report and Recommendation is adopted.  The Defendant's motion

to remand this case to Connecticut state court is GRANTED.   This case is REMANDED to

Connecticut Superior Court.  The Defendant's request for attorneys' fees and costs is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 12 and this case.

Dated: New York, New York
      January 27, 2017

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge